Dear Mr. Tubb:
Pursuant to your request, I have reviewed Act 572 of the 1993 Session of the Louisiana Legislature. I understand that the Ouachita Parish Police Jury is requesting an opinion as to whether the Police Jury may, under Act 572, order a special election as set forth in Resolution No. 93-0055 of the aforementioned Jury.
In Act 572, the Louisiana Legislature enacted LSA R.S. 4:537 parts A through G. Part A of this statute states:
 No license authorizing a riverboat to berth or use docking facilities in the parish of Calcasieu or Ouachita shall be issued to any applicant who has not received preliminary approval from the commission prior to June 5, 1993, unless a proposition to authorize riverboat gaming in the parish has been approved by a majority of the electors of the parish who vote thereon in an election called and held for that purpose.
The records of the Riverboat Gaming Commission indicate that Ouachita Riverboat Limited made its application on March 12, 1993. However, the Ouachita Riverboat Limited did not receive a preliminary certificate of approval from the Commission prior to June 5, 1993. To date, the Riverboat Limited group has not received Commission approval. Therefore, the Ouachita Riverboat Limited is in the posture described in R.S. 4:537 A.
Given the clear language of R.S. 4:537 A, the Riverboat Limited group cannot receive approval to berth or use docking facilities in the Parish of Ouachita without the approval of a majority of electors. Implicit in Section A is the authorization for the Police Jury to call an election for applicants who applied for preliminary certificates but who did not receive same before June 5, 1993.
There is no specific statutory mandate as to the terms and conditions of the election. Sections B through G of R.S. 4:537 refer specifically to the elections dealing with applicants who applied to the Riverboat Gaming Commission after June 5, 1993. However, the legislative history and debate surrounding this Act indicate that the Legislature intended that the Ouachita Police Jury pass a resolution similar to Resolution No. 93-0055.
In summary, it is the opinion of this office that the Ouachita Parish Police Jury must, when requested, in accord with Act 572
of the 1993 Louisiana Legislature, order an election for companies in the position of Ouachita Riverboat Limited. The Police Jury may, but is not mandated to, follow the election prescriptions in parts B through G of R.S. 4:537 which are also enacted by Act 572.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: E. BARTON CONRADI Assistant Attorney General Director, Gaming Division
RPI/EBC/cls